# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CARLOS MANUEL SIERRA, *et al.*,   )
               Plaintiffs,   )   Case No. 2:12-cv-00230-GMN-CWH
                            )
vs.   )   **ORDER AND REPORT AND**
                            )   **RECOMMENDATION**
DESERT PALACE, INC., *et al.*,   )
               Defendants.   )

      This matter was referred to the undersigned Magistrate Judge on Defendant Desert Palace Inc.'s Motion to Dismiss (#12), filed April 3, 2012; Plaintiffs' Response (#14), filed April 20, 2012; and Defendant's Reply (#16), filed April 30, 2012. This matter was also referred on Plaintiffs' Motion to Amend (#15), filed April 20, 2012; Defendant's Response (#17), filed May 7, 2012; and Plaintiffs' Reply (#22), filed May 31, 2012.

## BACKGROUND

**1. Factual Background**

      Plaintiffs Carlos Manuel Sierra and Laura Lebrija ("Plaintiffs") filed their first amended complaint on March 14, 2012, seeking damages, including punitive damages, on claims for: forcible entry, intentional infliction of emotional distress, innkeeper's breach of the duty of quiet enjoyment, breach of contract, assault, negligent infliction of emotional distress, and negligence. (#9). The events giving rise to the complaint allegedly occurred while Plaintiffs were guests at the Caesars Palace on June 4, 2011.[1]

      Plaintiffs allege that while they were sleeping three (3) employees of Defendant Desert Palace, Inc. ("Desert Palace") entered their hotel room without notice, permission, or invitation. One of the individuals who entered the room was Defendant Jesus Montoya. He was accompanied

---

[1] Caesars Palace is owned and operated by Defendant Desert Palace, Inc.

by an unnamed individual dressed as an employee and an unnamed woman who claimed to be a supervisor. *Id*. at ¶ 9. Upon entering the hotel room, the individuals allegedly opened the curtains and, while standing at the foot of Plaintiffs' bed, aggressively threatened to have Plaintiffs arrested and sued for damages.[2] The individuals insisted that Plaintiffs would have to pay the damages allegedly created when Plaintiffs left "the water in the Jacuzzi on all night long" resulting in water damage to rooms below. *Id*.

When confronted, Plaintiff Carlos Sierra, while still in his undergarments, got out of bed and denied Plaintiffs had caused any damage or even used the Jacuzzi. He further demanded that the individuals immediately leave the room. *Id*. at ¶ 11. Before the individuals left, Plaintiffs contacted their "host" by telephone. The "host" allegedly spoke with Defendant Montano. Plaintiffs were then informed they would be moved to another room. *Id*. at ¶ 12. Plaintiffs went back to sleep but, shortly thereafter, Defendant Montano again entered the Plaintiffs' room without notice. *Id*. at ¶¶ 13, 14. This time he was accompanied by a third individual who refused to provide his name, but indicated he was a "higher rank" than Defendant Montano. *Id*. at ¶ 14. Plaintiffs allege that this individual threatened to evict them in "bullying, menacing, hostile, and aggressive voice." *Id*. It is also alleged that he "insulted them profusely" and contradicted Plaintiffs' belief that they would be moved to a different room. *Id*.

Ultimately, Plaintiffs were moved to different room within Caesars Palace. *Id*. at ¶ 15. At some point, Plaintiffs were informed that the water damage was caused by a leaking pipe, not a Jacuzzi overflow. *Id*. at ¶ 16. Plaintiffs filed a formal complaint with the marketing and security departments at Caesars Palace. *Id*. at ¶ 17. Plaintiff Carlos Sierra also spoke with an employee of the Security Department who allegedly "apologized for the harm that had been caused to the Plaintiffs" and "promised to provide Plaintiffs" with the results of an investigation. *Id*. Plaintiffs, after changing their flight plans in order to learn the result of the investigation, were ignored when they tried to contact security personnel to obtain the results. *Id*. at ¶¶ 19, 20.

///

---

[2] The unnamed individuals refused to identify themselves to Plaintiffs.

**2. Defendant Desert Palace Inc.'s Motion to Dismiss (#12)**

In lieu of an answer, Defendant Desert Palace filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of Plaintiffs' claims for punitive damages, assault, intentional infliction of emotional distress, forcible entry, and innkeeper's breach of duty of quiet enjoyment be dismissed. Desert Palace did not seek dismissal of the claims for breach of contract, negligent infliction of emotional distress, or negligence.

Desert Palace argues that punitive damages are not available for Plaintiffs' claims of forcible entry, innkeeper's breach of duty quiet enjoyment, and breach of contract because Nevada specifically precludes punitive damages for contract based claims. *See* Nevada Revised Statute ("NRS") 42.005(1). Desert Palace also argues that Plaintiffs have failed to allege sufficient facts to demonstrate that it should be held vicariously liable for the acts of its employees under NRS 42.007. Lastly, Desert Palace argues that permitting the punitive damages claim to proceed would violate its right to due process because "mere notice pleading is not sufficient to allege a claim for punitive damages under Nevada substantive law." *See* Def.'s Mot. (#12) at 13:1-2. In support of its request for dismissal of the other claims Desert Palace argues: (1) the facts set forth in the complaint are not "sufficiently extreme and outrageous" to support the claim for intentional infliction of emotional distress; (2) the claim for assault must be dismissed because there is no allegation of threat of physical violence or apprehension of harmful or offensive conduct; (3) the claim for forcible entry must be dismissed because Plaintiffs are not claiming possession of any real property as required in NRS 40.230; and (4) the claim for innkeeper's breach of duty of quiet enjoyment must be dismissed because it is limited to the landlord-tenant relationships and, even assuming applicability, Plaintiff has not alleged an actual or constructive eviction.

Plaintiffs oppose the request that the claims for punitive damages and intentional infliction of emotional distress be dismissed. Specifically, Plaintiffs argue that they have adequately pled, for purposes of surviving a 12(b)(6) motion, facts from which a reasonable inference can be drawn that the employees of Desert Palace were acting as managing agents for purposes of NRS 42.007(1). Plaintiffs further argue that the failure of the security employee to repudiate or investigate the alleged actions of the employees constituted ratification of the conduct for purposes of NRS

42.007(1)(b).  Lastly, Plaintiffs argue that claim for intentional infliction of emotional distress survives because the question of whether the conduct is sufficiently extreme and outrageous is a factual question properly reserved for the finder of fact.

In reply, Desert Palace reasserts its argument that Plaintiffs cannot state a claim for punitive damages or intentional infliction of emotional distress.  Citing *Nittinger v. Holman*, 69 P3d 668 (Nev. 2003), Desert Palace argues that Plaintiffs have not alleged facts sufficient to infer that any of the employees were managing agents and, therefore, the claim for punitive damages must be dismissed.  Additionally, Desert Palace claims that Plaintiffs have not alleged sufficient facts to demonstrate that its employees, managerial or otherwise, ratified the conduct in question.[3]  Finally, Desert Palace restates its argument that the alleged conduct is not, as a matter of law, "sufficiently extreme and outrageous" to support a claim for intentional infliction of emotional distress.

**3. Plaintiffs' Countermotion to Amend (#15) Defendant Desert Palace, Inc.'s Response to Plaintiffs' Motion to Amend (#17)**

Included with Plaintiffs' response (#14) is a request for leave to file a second amended complaint.  (#15).  The second amended complaint excludes Plaintiffs' prior claims for statutory forcible entry, innkeeper's breach of the duty of quiet enjoyment, and assault.  It includes three additional tort-based claims for forcible entry, intentional intrusion, and intentional trespass.

Noting that its motion to dismiss is pending, Desert Palace limits its argument to its position that the three claims Plaintiffs seeks to add are futile.  First, Desert Palace asserts that Nevada has never recognized the tort of forcible entry and, even assuming recognition of the tort, it is only available to those with a possessory interest in land.  Second, Desert Palace argues that the tort of intrusion is not recognized in instances "where the area of solitude or seclusion is entered by person whose purpose is to perform tasks related to their occupation."  *See* Def.'s Resp. (#17) at 6:3-5. Lastly, Desert Palace argues Plaintiffs cannot state a claim for trespass because they have no "property right" in the hotel room and they impliedly consented to Desert Palace employees

---

[3] Desert Palace also reiterates its prior argument that a claim for punitive damages requires more than "mere notice pleading."

entering the room in performance of their duties.

**DISCUSSION**

**1. Defendant Desert Palace, Inc.'s Motion to Dismiss (#12)**

In response to Desert Palace's motion to dismiss, Plaintiffs filed a motion for leave to file a second amended complaint. *See* Pls' Mot. (#15).[4] The second amended complaint restates Plaintiffs' claims for intentional infliction of emotion distress, punitive damages, breach of contract, negligent infliction of emotional distress, and negligence. The amended complaint excludes Plaintiffs' prior claims for forcible entry, innkeeper's breach of the duty of quiet enjoyment, and assault. Desert Palace does not challenge the claims for breach of contract, negligent infliction of emotional distress, or negligence in either its motion to dismiss (#12) or response to the motion to amend (#17). Consequently, the Court will grant the motion for leave to file a second amended complaint.

Generally, an amended complaint supersedes the prior complaint, which is treated thereafter as nonexistent. *See Ferdik v. Bonzalet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (an amended pleading supersedes the original pleading) *citing Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). A motion to dismiss directed toward a complaint that has been superseded is, under normal circumstances, moot. *See e.g.*, *Collins v. Winex Investments, LLC*, 2008 WL 927572 (S.D. Cal) ("[W]here a plaintiff elects to file an amended complaint, a district court may treat an existing motion to dismiss as moot."). The result is no different here. Because Plaintiffs' amended complaint supersedes the complaint toward which Desert Palace's motion to dismiss (#12) is directed, the motion is now moot.

**2. Plaintiffs' Motion to Amend (#15)**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days afer service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),

---

[4] The response (#14) and motion for leave to amend (#15) were filed simultaneously as part of the same document. Court staff separated the two entries for purposes of docket clarity and to maintain consistency with the Court's electronic filing procedures.

whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see also e.g. Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (Rule 15's policy favoring amendments is applied liberally) (citations omitted). The Court considers five factors in deciding whether to grant leave to amend under Rule 15(a): bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990). The futility analysis considers whether the proposed amendment would survive a challenge of legal insufficiency under Federal Rule of Civil Procedure 12(b)(6). *Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988). Whether to grant leave to amend lies within a court's discretion, and a court "does not err in denying leave to amend where the amendment would be futile." *Gardner v. Martino,* 563 F.3d 981, 990 (9th Cir.2009).

In addition to restating claims for intentional infliction of emotional distress, breach of contract, negligent infliction of emotional distress, negligence, and punitive damages, Plaintiffs' amended complaint includes three additional claims not previously stated: the tort of forcible entry, the tort of intentional intrusion, and the tort of intentional trespass. Desert Palace argues that each of the newly added claims is futile. Desert Palace also incorporates its arguments regarding punitive damages and intentional infliction of emotional distress, arguing, essentially, that each of these claims is futile as well. The Court will address each in turn.

**A. Intentional Infliction of Emotional Distress**

The elements for a claim of intentional infliction of emotional distress under Nevada law are: (1) "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) the plaintiffs having suffered severe or extreme emotional distress; and (3) actual or proximate causation." *See Conover v. Vons Stores, Inc.*, 2012 WL 4482591 (D. Nev.) (citing (*Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998)). "Conduct is 'extreme and outrageous' only if it is 'outside all possible bounds of decency' and 'utterly intolerable in a civilized society,'" *Convover*, 2012 WL 4482591 *3 (citing *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998)). Generally, the determination of extreme and outrageous

conduct is a question of fact.  *Convover*, at *3 (citing *Schneider v. TRW, Inc.*, 938 F.2d 986, 992-93 (9th Cir. 1990)).

Considering the facts in the light most favorable to Plaintiffs, the Court concludes that the claim for intentional infliction of emotional distress is not futile.  Unlike in *Botka v. S.C. Noyes & Co., Inc.*, 834 A.2d 947 (Me. 2003), this action does not concern a long-deteriorating business relationship between parties.  Additionally, the Court finds that cases cited by the parties evaluating conduct in the employment context are distinguishable.  Plaintiffs are not employees of Desert Palace, but guests at a hotel property owned and operated by Desert Palace.  Given this relationship the Court finds, at least for purposes of determining whether the alleged conduct is sufficient to survive the test for futility, that the conduct alleged by Plaintiffs is sufficient.

**B.  Punitive Damages**

Under Nevada law an employer will only be held vicariously liable for punitive damages for acts or omissions of employees if:

(a) The employer had advance knowledge that the employee was unfit for the purposes of the employment and employed the employee with a conscious disregard of the rights or safety of others;

(b) The employer expressly authorized or ratified the wrongful act of the employee for which the damages are awarded; or

(c) The employer is personally guilty of oppression, fraud or malice, express or implied.

NRS 42.007; *see also Countrywide Home Loans, Inc. v. Thitchener*, 192 P.3d 243, 257 (Nev. 2008).  If an employer is a corporation then it can only be held vicariously liable for punitive damages if the above criteria are met by an officer, director, or managing agent of the corporation who is "expressly authorized to direct or ratify the employee's conduct on behalf of the corporation."  NRS 42.007; *Thitchener*, 192 P.3d at 258.

Desert Palace's argument in favor of futility is premised on its position that Plaintiffs have failed to allege any malice by a specific employee who would qualify as a managing agent with sufficient authority to expose the corporation to punitive damages.  Plaintiffs' claim that a different individual was identified as having supervisory or managing authority during both entrances into the hotel room.  The Court does not know the identity or extent of the managerial duties of these

7

individuals. The Court is required to accept as true the allegations stated in the complaint. Plaintiffs have alleged very specific facts regarding the conduct of Desert Palace employees toward them, including the acts of those allegedly in managerial roles. *See* Second Amend. Compl. attached as Ex. 1 to Mot. (#15) at ¶¶ 9-20. Plaintiffs also allege the conduct was done with the requisite intent necessary to support a claim for punitive damages. Thus, Plaintiffs' claim for punitive damages is not futile and they should be permitted to conduct discovery into the managerial roles of those employees identified in the complaint. *Cf.*, *Velazquez v. S.B. Restaurant Co.*, 2011 WL 4458790 (D. Nev.).[5]

### C. Tort of Forcible Entry

Plaintiffs seek to add a claim for the tort of forcible entry asserting it is different than the statutory claim of forcible entry they have agreed to dismiss. Desert Palace argues the proposed claim is futile because the cause of action has never been adopted in Nevada. Plaintiffs do not dispute that "the Nevada Supreme Court has not reviewed a case involving the tort of forcible entry." *See* Pls' Reply (#22) at 4:26-27. Nevertheless, citing *Mirch v. Frank*, 295 F. Supp. 2d 1180 (D. Nev. 2003), Plaintiffs argue that the Court should "apply the law as it believes the state supreme court would apply it." Pls' Reply (#22) at 4:8-10. Because Nevada courts traditionally look to California law where Nevada law is silent, *see e.g.*, *Hansen v. State Farm Mut. Auto Ins. Co.*, 2012 WL 6205722 (D. Nev.) (citations omitted), Plaintiffs assert the Court should consider the claim as it has been adopted and construed in California.

Plaintiffs rely, principally, on California's adoption of the tort of forcible entry in *Daluiso v. Boone*, 455 P.2d. 811 (Cal. 1969) to support their claim for the tort of forcible entry. The remedy was adopted "quite apart" from any statutory remedy for forcible entry. Nevertheless, the claim is an extension of the statutory remedy seen as "unnecessarily restrictive." *Id*. at 499. It was adopted to further the "legislative intent in enacting the forcible entry statute . . . to promote the settlement of disputes over possession by legal means rather than by self-help." In reviewing the state of

---

[5] The Court further finds that Plaintiffs have satisfied Rule 9 by generally alleging malice. *See* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

Nevada law, the Court finds it illuminating that Nevada's statutory cause of action for forcible entry has been recognized since as early as the late 19th century. *See Lachman v. Barnett*, 3 P. 38 (1884). No doubt promoting settlement of disputes over possession by legal means rather than self-help is an important end. However, in the almost 50 years since California announced its decision is *Dalusio*, the parties have presented no Nevada case wherein a court has considered the tort of forcible entry. In light of the significant passage of time since *Dalusio* and the myriad of legal disputes arising under Nevada's forcible entry statute, the Court concludes that it is unlikely Nevada would adopt a tort-based remedy for forcible entry if it has not already done so. Consequently, the claim for the tort of forcible entry is futile.

### D. Intentional Tort of Intrusion

The elements of a claim for the intentional tort of intrusion are: (1) an intentional intrusion (physical or otherwise); (2) on the solitude or seclusion of another, (3) that would be highly offensive to a reasonable person. *See PETA v. Bobby Berosini, Ltd.*, 895 P.2d 1269, 1279 (Nev. 1995). "In order to have an interest in seclusion or solitude which the law will protect, a plaintiff must show that he or she had an actual expectation of privacy and that the expectation was objectively reasonable." *Id*. (citation omitted). "[N]ot every expectation of privacy and seclusion is protected by the law . . . '[t]he extent to which seclusion can be protected is severely limited by the protection that must often be accorded to the freedom of action and expression of those who threaten that seclusion.'" *Id*. (citation omitted).

Citing *Barclay v. Keystone Shipping Co.*, 128 F. Supp. 2d 237, 246 (E.D. Pa. 2001), Desert Palace argues that there "is no intrusion upon privacy where the area of solitude or seclusion is entered by persons whose purpose is to perform tasks related to their occupation." Def.'s Resp. (#17) at 6:4-8. Desert Palace claims that this exception applies to it in this case because its employees entered Plaintiffs' room in order to perform their lawful duty. Plaintiffs argue that the *Barclay* exception has not been adopted in Nevada or California and, therefore, should not preclude the addition of the claim in this case. Plaintiffs argue further that the claim for intrusion can be maintained even when the intrusion is into a plaintiff's hotel room. *Fibreboard Corp. V. Hartford Accident & Indemnity Co.*, 20 Cal. Rptr. 2d 376, 390 (Cal. App. 1 Dist. 1993).

The Court agrees that a tort-based claim for intentional intrusion can be maintained even when the intrusion is into a plaintiff's hotel room. There is no question Plaintiffs have adequately pled the first two elements of the claim. The issue is whether Plaintiffs can show the intrusion would be "highly offensive to a reasonable person." Under Nevada law, this question "is largely a matter of social conventions and expectations." *Berosini*, 895 P.2d at 1281. In considering the question of whether a particular action is "highly offensive," courts consider the following factors: "the degree of intrusion, the context, conduct and circumstances surround the intrusion as well as the intruder's motives and objective, the setting into which he intrudes, and the expectations of those whose privacy is invaded." *Id*. at 1282 (citations omitted).

Contrary to its argument, the *Barclay* opinion cited by Desert Palace does not create an exception, but, rather, constitute the court's conclusion on summary judgment after consideration, even if not specifically enumerated, of the factors set forth in *Berosini*.[6] Unquestionably, the degree of intrusion occasioned by a hotel employee entering a guest's room to investigate the source of a substantial water leak is, under most circumstances, minimal. This is underscored, not undercut as Plaintiffs argue, by the special relationship that exists in Nevada between innkeeper and guest. *See e.g.*, *Lee v. GNLV Corp.*, 22 P.3d 209 (Nev. 2001) (innkeeper under affirmative duty to aid when guest is in peril). However, several critical questions remain unanswered in terms of the *Berosini* factors, including whether each of the individuals who entered Plaintiffs' room were employees and, if so, whether their respective duties required them to be present at the time of entry. Consequently, the Court finds that the claim is not futile and discovery on the claim should go forward.

**E. Intentional Tort of Trespass**

Plaintiffs assert that the elements of their trespass claim are: (1) plaintiff owns, leases, occupies, or controls the property, (2) defendant intentionally, recklessly or negligently entered the property, (3) defendant lacked permission for the entry or exceeded the scope of such permission,

---

[6] In *Barclay*, the evidence showed that the chief engineer and caption aboard an oil tanker entered the plaintiff's quarters to check for a water leak and look for an immersion suit. The court determined that because the activities were related to "legitimate ship-board duties" they did not constitute an unwarranted intrusion.

(4) plaintiff was actually harmed, and (5) defendant was a substantial factor in causing the harm. *See Winters v. Jordan*, 2012 WL 360194 (E.D. Cal.). Desert Palace does not dispute the elements of the claim. It does, however, argue that the claim is futile because a hotel guest does not have a property interest in their hotel room. It also argues that the claim is futile because a hotel guest impliedly consents to hotel staff entering a room in the performance of their duties.

To sustain an action for trespass, the Nevada Supreme Court has held that "a property right must be shown to have been invaded." *Lied v. Clark County*, 579 P.2d 171, 174 (Nev. 1978). Citing *Winters*, Plaintiffs advocate for a broad definition of "property right" that includes occupying a hotel room. In *Winters*, the court stated that "a plaintiff's actual ownership of the property at issue is not an essential element of trespass" because "[the] cause of action for trespass is designed to protect possessory not necessarily ownership interest in land." *Winters*, 2012 WL 360194 *17. In the undersigned's view, this proclamation is at odds with the Nevada Supreme Court's requirement that an action for trespass be predicated on the invasion of a property right. *Lied*, 579 P.2d at 174. Plaintiffs do not contest the assertion that a guest at a hotel does not acquire any recognized property interest. *See e.g.*, *Sloan v. Court Hotel*, 164 P.2d 516, 520 (Cal. App. 1 Dist. 1945) ("Guests in a hotel . . . are generally mere licensees . . . . and acquire no interest in the realty."). Consequently, the Court finds that Plaintiffs' claim for the intentional tort of trespass is futile.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend (#15) is **granted**.

**IT IS FURTHER ORDERED** that, based on the filing of the second amended complaint, Defendant Desert Palace Inc.'s Motion to Dismiss (#12) is now **moot** and **denied without prejudice**.

## RECOMMENDATION

**IT IS FURTHER RECOMMENDED** that Plaintiffs' claims for the tort of forcible entry and the intentional tort of trespass be **dismissed with prejudice** for the reasons set forth herein.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be

11

in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 27th day of February, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**