# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CARLOS MANUEL SIERRA, et al.,

        Plaintiffs,

vs.

DESERT PALACE, INC., et al.,

        Defendants.

Case No. 2:12-cv-00230-GMN-CWH

**ORDER**

This matter was referred to the undersigned Magistrate Judge on Plaintiffs' Motion to Amend the Scheduling Order (#45), filed May 16, 2013; Plaintiffs' Motion to Amend the Complaint (#46), filed May 16, 2013; and Defendant Desert Palace Inc.'s Response (#47), filed June 3, 2013.[1]  By way of these motions, Plaintiffs seek to amend their complaint to remove a paragraph from their complaint pursuant to Fed. R. Civ. P. 15.  Desert Palace does not oppose removal of the paragraph, but insists the "economic damages claim" should dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  Both parties rely on *Hells Canyon Preservation Counsel v. U.S. Forest Service*, 403 F.3d 683 (9th Cir. 2005) to support their respective arguments.

## DISCUSSION

The Ninth Circuit in *Hells Canyon* held that "[i]n the specific context of Rule 41(a) . . . the Rule does not allow for piecemeal dismissals." *Id.* at 687.  "Instead withdrawals of individual claims against a given defendant are governed by Fed. C. Civ. P. 15, which addresses amendment to pleadings." *Id.* (citing *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988)).  The Ninth Circuit further held that there is no meaningful distinction between Rule 41(a)(1) and 41(a)(2) as the "only functional difference between the two provisions is dictated by timing." *Hells Canyon*, 403 F.3d at 688.  As was recently and succinctly stated: "In the Ninth Circuit, [p]laintiffs cannot dismiss fewer than all of their claims under Rule 41(a)(1)." *Preiss v. S & R Production Co.*,

---

[1] Plaintiffs' motions are unopposed by Defendant Montano.

2011 WL 4402952 (D. Nev.) (citing *Hells Canyon*, 403 F.3d at 687). This extends to Rule 41(a)(2) as well.

Defendant does not contest the distinction made in *Hells Canyon* regarding piecemeal dismissals under Rule 41(a) and amendment under Rule 15. It does, however, request that the Court exercise its discretion and dismiss Plaintiff's economic damages claim *sua sponte* under Rule 41(b). As noted in *Hells Canyon*, "[u]nlike Rule 41(a), Rule 41(b) does distinguish between 'actions' and 'claims.'" *Hells Canyon*, 403 F.3d at 689. Thus, Defendant is on slightly firmer footing in arguing that the court treat the dismissal of a claim as an involuntary dismissal under Rule 41(b). *Id*. "It is also true that, whereas the plain language of Rule 41(b) suggests that such dismissals may only result from a defendant's motion, . . . we agree . . . that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances." *Id*. (citing *e.g.*, *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir 2003) ("[T]he Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[] orders.")).

Defendant has not identified under what circumstances a sua sponte dismissal under Rule 41(b) would be appropriate or what factors the court considers in making that determination. Generally speaking, "[t]he failure of a party to file points and authorities in support of a motion shall constitute a consent to the denial of the motion." *See* LR 7-2(d). Even so, it is clear that such action is not necessary in this circumstance. Rule 41(b) permits involuntary dismissal when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Plaintiffs have not failed to comply with the rules or court orders. Nor have they failed to prosecute their case. Moreover, the "economic damages claim" referred to in the briefing is really a discrete subset of the overall damages sought by Plaintiffs. The removal of the "economic damages" paragraph affects only the damages calculation, it does not negate the need for discovery regarding damages.

The primary motivation behind Defendant's request for dismissal under Rule 41(b) appears to be ensuring that it is not prejudiced by having to further defend or conduct discovery on economic damages. Such a scenario is highly unlikely. First, unlike in *Hells Canyon*, any

subsequent attempt by these Plaintiffs to sue Defendant for economic damages based on the events giving rise to this lawsuit would undoubtedly be barred by the doctrine of *res judicata*. Second, any additional attempt by Plaintiffs to amend their complaint in this matter to reinsert the economic damages paragraph would be unlikely to withstand the heightened scrutiny that would follow. *See e.g., Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (Court may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (4) the amendment would be futile). Such an attempt may also open the door for potential sanctions against Plaintiffs and their counsel under, *inter alia*, 28 U.S.C. § 1927.

The removal of the "economic damages" paragraph falls under Rule 15. "It is axiomatic that prejudice does not attach to a claim that is properly dropped from a complaint under Rule 15(a) prior to judgment." *Hells Canyon*, 403 F.3d at 690. The undersigned agrees with the court in *Hells Canyon*, however, that the true state of affairs is often more critical than mere labels. *Id*. at 689. The likelihood of Defendant having to conduct further discovery or litigate economic damages in this lawsuit is remote and, absent extraordinary circumstances, any attempt to reinsert the deleted paragraph would most certainly fail.[2]

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend the Scheduling Order (#45), is **granted**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend the Complaint (#46) is **granted**.

DATED: June 20, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[2] In the response, Defendant includes a paragraph indicating its belief that it is "entitled to recover its fees and costs in defending the economic damages claim." Other than this singular reference, Defendant did not provide any points and authorities demonstrating it was entitled to such relief. Accordingly, the request is denied. *See* LR 7-2(d).