# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| CARLOS MANUEL SIERRA, et al., | ) | |
| Plaintiffs, | ) | Case No. 2:12-cv-00230-JAD-CWH |
| vs. | ) | **ORDER** |
| DESERT PALACE, INC., et al., | ) | |
| Defendants. | ) | |

  This matter comes before the Court on Plaintiffs' Unopposed Motion for Reconsideration (#63), filed August 9, 2013.  Plaintiffs request that the Court reconsider its prior orders identified on the docket as entry #57 and entry #58 and relieve Plaintiffs of their obligation to file a response to Defendants' pending motion for partial summary judgment (#53) until 24 days after the settlement conference currently set for September 13, 2013.

  Though not identified by the moving party, the current motion seeks reconsideration of a prior order under Federal Rule of Civil Procedure 60(b).  The grounds for reconsideration can normally be divided into three primary categories:  (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; or (3) an intervening change in controlling law. *See e.g. School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  A motion for reconsideration is not a vehicle permitting an unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D.Cal.2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").

Plaintiffs have not satisfied their burden on reconsideration. Each of the arguments raised in support of reconsideration was previously raised and considered. The only argument that could arguably be construed as new is the express representation that the non-moving parties do not oppose the request. However, at the time the orders Plaintiffs seek to have reconsidered were entered, no opposition to the underlying motion had been filed; thus, the non-opposition argument is not technically new because the prior orders were entered without benefit of an opposition. In sum, this motion for reconsideration is merely an expression of Plaintiffs' unhappiness with the prior order and does not satisfy any ground for reconsideration under Rule 60(b). Nevertheless, justice is best served if the parties have a reasonable opportunity to prepare their response to the Defendants' motion for partial summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Unopposed Motion for Reconsideration (#63) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file their response (if any) to Defendants' Motion for Partial Summary Judgment (#53) by **Thursday, August 22, 2013**.

DATED this 15th day of August, 2013.

_____
**Jennifer A. Dorsey**
**United States District Judge**